IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRANDON SCOTT HERMAN,

                    Plaintiff,

   v.

EAU CLAIRE COUNTY SHERIFF'S DEPARTMENT,
CHIPPEWA COUNTY SHERIFF'S DEPARTMENT,
and WEST CENTRAL DRUG TASK FORCE,

                    Defendants.

OPINION and ORDER

23-cv-423-wmc[1]

---

      Pro se plaintiff Brandon Scott Herman is incarcerated at the Chippewa County Jail. He alleges that law enforcement unlawfully searched his home and seized property without probable cause. Although Herman paid the full filing fee, he is incarcerated so I must screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A. In doing so, I must accept the allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). With that standard in mind, I conclude that the complaint must be dismissed, but I will allow Herman an opportunity to file an amended complaint that fixes the problems I identify in this order.

---

[1] I am exercising jurisdiction over this case for the purpose of screening only.

ANALYSIS

State court records show that Herman is facing criminal charges in one Eau Claire County case and two Chippewa County cases.[2] On May 25, 2023, before these charges were filed and while he was in custody "on an unrelated issue," Dkt. 1 at 4, Herman alleges that his home was unlawfully searched and some of his and a guest's property was seized. Law enforcement did not show Herman or anyone at his home a search warrant. He seeks damages and the return of his and his guest's property.

Herman alleges that law enforcement lacked probable cause in violation of his constitutional rights and 18 U.S.C. § 241, a statute that makes it a crime to conspire to violate a person's rights. Herman cannot bring a claim under § 241 as a private citizen, so I will analyze his claims under 42 U.S.C. § 1983 only, which provides a civil cause of action for deprivation of rights under color of law. *See Nicolai v. State of Wisconsin*, No. 21-cv-414, 2021 WL 3685193, at *2 (E.D. Wis. April 22, 2021) (private citizens may not file lawsuits under 18 U.S.C. § 241).

I will dismiss the complaint because Herman has not named a proper defendant. Neither a sheriff's office nor a narcotics task force is a suable entity under § 1983. *See Whiting v. Marathon Cnty. Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004) (sheriff's department not subject to suit under § 1983); *Williams v. Dane Cnty. Narcotics Task*, No. 20-cv-957-wmc, 2022 WL 4079023, at *4 (W.D. Wis. Sept. 6, 2022) (narcotics task force not subject to suit under § 1983). Personal involvement in a constitutional violation is a prerequisite for liability under § 1983, *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018), but Herman does not name any individuals in the caption of the complaint or identify any in his conclusory factual allegations.

---

[2] *See* https://wcca.wicourts.gov.

Even if Herman had named a proper defendant, he still could not proceed in this court at this time because addressing his claims now would likely disrupt his ongoing state criminal proceedings. Under *Younger v. Harris*, 401 U.S. 37 (1971), "federal courts must abstain from taking jurisdiction over federal constitutional claims that may interfere with ongoing state proceedings." *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013). "[C]laims of damages resulting from illegal searches, seizures, and detentions meet that description; they involve constitutional issues that may be litigated during the course of [the plaintiff's] criminal case." *Id.* (citations omitted). But because the monetary relief Herman seeks is not available to him in his state criminal cases, and it is possible that his claims may become time-barred by the time the state prosecution has ended, the court would have to stay Herman's claims rather than dismiss them. *Id*.

A stay may be necessary, so I will give Herman an opportunity to file an amended complaint that names proper defendants and drops the § 241 claim. In drafting an amended complaint, Herman must use the court's prisoner complaint form that I will order the clerk's office to send him along with a copy of this order. Herman should carefully consider whether he is naming proper defendants and omit defendants who did not personally cause or participate in a constitutional violation. He should also identify all of the individuals who he wishes to sue in the caption of the complaint and describe simply and concisely what actions he believes that each defendant took that violated his rights, not also those of his guest. *See* 28 U.S.C. § 1654 (a pro se litigant may represent himself on his own claims but may not act in a representative capacity). Because the amended complaint will replace Herman's initial complaint, he must include all of his allegations in the amended complaint.

If Herman does not submit an amended complaint by the deadline indicated below, I will dismiss this lawsuit with prejudice for his failure to prosecute it. Once submitted, I will screen Herman's amended complaint. If I conclude that he states a claim and a stay is appropriate, I will administratively close this case and require Herman to file a motion to reopen when his criminal cases have concluded.

ORDER

IT IS ORDERED that:

1. Plaintiff's complaint, Dkt. 1, is DISMISSED for failure to name a proper defendant.

2. Plaintiff may have until **August 17, 2023**, to file an amended complaint that fixes the problems described in this order. Plaintiff must file his amended complaint on the court's prisoner complaint form, which the court will send him with this order.

3. If plaintiff does not file an amended complaint by **August 17, 2023**, the court will dismiss this case with prejudice for his failure to prosecute it.

Entered July 27, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge